1
2
3
4
5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7    CHRISTOPHER DOUGLAS H.,

8                            Plaintiff,          NO. 2:22-CV-0121-TOR

9         v.                                     ORDER GRANTING PLAINTIFF'S
                                                 MOTION FOR SUMMARY
10   COMMISSIONER OF SOCIAL                      JUDGMENT
     SECURITY,
11
                            Defendant.
12

13         BEFORE THE COURT are the parties' cross-motions for summary

14   judgment.  ECF Nos. 9, 10.  Plaintiff is represented by Jordan Goddard.  Defendant

15   is represented by SAUSA Benjamin J. Groebner.  The Court has reviewed the

16   administrative record and the parties' completed briefing and is fully informed.

17   For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion and

18   **DENIES** Defendant's Motion.

19                              **JURISDICTION**

20         The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

*Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

1    At step four, the Commissioner considers whether, in view of the claimant's

2 RFC, the claimant is capable of performing work that he or she has performed in

3 the past ("past relevant work").  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is

4 capable of performing past relevant work, the Commissioner must find that the

5 claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of

6 performing such work, the analysis proceeds to step five.

7    At step five, the Commissioner considers whether, in view of the claimant's

8 RFC, the claimant is capable of performing other work in the national economy.

9 20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner

10 must also consider vocational factors such as the claimant's age, education and

11 work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

12 Commissioner must find that the claimant is not disabled.  20 C.F.R. §

13 404.1520(g)(1).  If the claimant is not capable of adjusting to other work, the

14 analysis concludes with a finding that the claimant is disabled and is therefore

15 entitled to benefits.  *Id.*

16    The claimant bears the burden of proof at steps one through four above.

17 *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

18 step five, the burden shifts to the Commissioner to establish that (1) the claimant is

19 capable of performing other work; and (2) such work "exists in significant

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 5

numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On December 6, 2017, Plaintiff filed an application for Title II disability insurance benefits, alleging an onset date of August 22, 2016.  Tr. 306-07.  The application was denied initially, and on reconsideration.  Tr. 164.  Plaintiff appeared at a hearing before an administrative law judge ("ALJ") on January 8, 2020.  Tr. 69-109.  On February 5, 2020, the ALJ denied Plaintiff's claim.  Tr. 164-177.  The Appeals Council remanded the matter back to the ALJ on August 18, 2020.  Tr. 185-87.  Thereafter, the ALJ held another hearing on January 6, 2021.  Tr. 110-137.  On April 6, 2021, the ALJ denied Plaintiff's claim.  Tr. 25-48.

As a threshold matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020.  Tr. 30.  At step one of the sequential evaluation analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity from August 22, 2016, the alleged onset date, through December 31, 2020, the date last insured.  Tr. 31.  At step two, the ALJ found Plaintiff had the following severe impairments: lumbar spine degenerative disc disease; cervical spine degenerative disc disease; right shoulder degenerative joint disease; and bilateral carpal tunnel syndrome.  *Id.*  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments

that meets or medically equals the severity of a listed impairment.  Tr. 33.  The

ALJ then found Plaintiff had the RFC to perform sedentary work with the

following exceptions:

> [Plaintiff] can never crawl or climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and flights of stairs; occasionally reach overhead, but never lift over 5 pounds overhead bilaterally; frequently handle, finger, and feel objects bilaterally; avoid extreme cold, excessive vibration, and unprotected heights; and perform only simple, routine, unskilled tasks due to physical impairments.

*Id*.

At step four, the ALJ found Plaintiff was not capable of performing any past relevant work.  Tr. 39.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform through the date last insured, such as call out operator, charge account clerk, semi-conductor bonder, and surveillance system monitor.  Tr. 40-41.  The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from August 22, 2016, the alleged onset date, through December 31, 2020, the date last insured.  Tr. 41.

On April 7, 2022, the Appeals Council denied review, Tr. 1-5, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210.

1

## ISSUES

2  Plaintiff seeks judicial review of the Commissioner's final decision denying

3 him disability insurance benefits under Title II of the Social Security Act.  Plaintiff

4 raises the following issues for this Court's review:

5   1. Whether the ALJ failed to resolve apparent conflicts between the
    testimony of the vocational expert and the Dictionary of Occupational
6    Titles (DOT);

7   2. Whether the ALJ failed to properly consider the restrictions on Plaintiff's
    use of his hands and arms assessed at an independent medical
8    examination;

9   3. Whether the ALJ failed to provide clear and convincing reasons for
    rejecting Plaintiff's testimony concerning his ability to use his hands and
10   arms; and

11   4. Whether the ALJ failed to properly consider statements from Plaintiff's
    wife.

12

13 ECF No. 9 at 2.

14

## DISCUSSION

15 **A.  Vocational Expert Testimony and Dictionary of Occupational Titles**

16  Plaintiff contends the ALJ did not resolve the apparent conflicts between the

17 vocational expert's testimony and the Dictionary of Occupational Titles as to Level

18 3 Reasoning and the ability to lift up to 10 pounds.

19  The Defendant acknowledges the apparent conflict between the functional

20 capacity to perform simple, repetitive tasks and the demands of Level 3 Reasoning

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 8

for the call out operator, charge account clerk, and surveillance system monitor and concedes the ALJ made a mistake finding Plaintiff could perform these jobs without getting vocational expert testimony to explain this apparent conflict.  ECF No. 10 at 11-12.

However, the Defendant contends Plaintiff has not shown "harmful error." The ALJ and vocational expert identified another job Plaintiff could perform, semi-conductor bonder.  ECF No. 12-13.  Plaintiff contends that sedentary work necessarily involves lifting more than 5 pounds overhead so he is unable to work as a semi-conductor bonder.  However, there is nothing in the DOT that describes the job duties of a semi-conductor bonder which requires overhead lifting.  The ALJ found Plaintiff could perform sedentary work "but never lift over 5 pounds overhead bilaterally."  The ALJ asked the vocational expert whether Plaintiff would be able to perform jobs when adding the additional limitation of occasional handling, fingering and feeling objects with the right dominant hand.  Tr. 41.  The vocational expert only testified that an individual would be able to perform the jobs of call out operator and surveillance system monitor, not semi-conductor bonder. *Id*.

Thus, given Defendant's concessions as to the ALJ's mistake, this matter must be remanded on this issue to resolve the conflicts.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    **B.  Medical Opinion of Dr. Miner**

2        Plaintiff contends that the ALJ's conclusion conflicts with Dr. Miner's

3    opinion and substantial evidence does not support rejecting her opinion.  ECF No.

4    9 at 7-8.

5        As an initial matter, for claims filed on or after March 27, 2017, new

6    regulations apply that change the framework for how an ALJ must evaluate

7    medical opinion evidence.  20 C.F.R. § 416.920c(c); *see also Revisions to Rules*

8    *Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg.

9    5844-01 (Jan. 18, 2017).  The ALJ applied the new regulations because Plaintiff

10   filed his Title II claim after March 27, 2017.

11       Under the new regulations, the ALJ will no longer "give any specific

12   evidentiary weight … to any medical opinion(s)."  *Revisions to Rules*, 2017 WL

13   168819, 82 Fed. Reg. 5844-01, 5867-68.  Instead, an ALJ must consider and

14   evaluate the persuasiveness of all medical opinions or prior administrative medical

15   findings from medical sources.  20 C.F.R. § 416.920c(a)-(b).  The factors for

16   evaluating the persuasiveness of medical opinions and prior administrative medical

17   findings include supportability, consistency, relationship with the claimant,

18   specialization, and "other factors that tend to support or contradict a medical

19   opinion or prior administrative medical finding" including but not limited to

20   "evidence showing a medical source has familiarity with the other evidence in the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 10

claim or an understanding of our disability program's policies and evidentiary

requirements." 20 C.F.R. § 416.920c(c)(1)-(5).

The ALJ is required to explain how the most important factors,

supportability and consistency, were considered. 20 C.F.R. § 416.920c(b)(2).

These factors are explained as follows:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).

The ALJ may, but is not required to, explain how "the other most persuasive

factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R.

§ 416.920c(c)(b)(2). However, where two or more medical opinions or prior

administrative findings "about the same issue are both equally well-supported …

and consistent with the record … but are not exactly the same," the ALJ is required

to explain how "the most persuasive factors" were considered. 20 C.F.R.

§ 416.920c(c)(b)(2).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 11

1   These regulations displace the Ninth Circuit's standard that require an ALJ

2   to provide "specific and legitimate" reasons for rejecting an examining doctor's

3   opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  As a result, the

4   ALJ's decision for discrediting any medical opinion "must simply be supported by

5   substantial evidence." *Id.*

6   While the ALJ found Dr. Miner's opinion to be partially persuasive, her

7   opinion was based on temporary restrictions and encroached on issues reserved for

8   the Commissioner.  Tr. 38.  Dr. Miner's opinion only concerned temporary

9   restrictions but the ALJ was presented with evidence of disability that had already

10  lasted longer than 12 months.  The ALJ did not address or resolve this apparent

11  issue.

12  Accordingly, this issue must be resolved on remand.

13  **C.  Plaintiff's Symptom Testimony**

14  Plaintiff contends the ALJ failed to rely on clear and convincing reasons to

15  discredit his symptom testimony.  ECF No. 9 at 8-18.

16  An ALJ engages in a two-step analysis to determine whether to discount a

17  claimant's testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL

18  1119029, at *2.  "First, the ALJ must determine whether there is 'objective

19  medical evidence of an underlying impairment which could reasonably be

20  expected to produce the pain or other symptoms alleged.'"  *Molina*, 674 F.3d at

1  1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The

2  claimant is not required to show that [the claimant's] impairment 'could reasonably

3  be expected to cause the severity of the symptom [the claimant] has alleged; [the

4  claimant] need only show that it could reasonably have caused some degree of the

5  symptom.'"  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d

6  1028, 1035-36 (9th Cir. 2007)).

7    Second, "[i]f the claimant meets the first test and there is no evidence of

8  malingering, the ALJ can only reject the claimant's testimony about the severity of

9  the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

10  rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

11  omitted).  General findings are insufficient; rather, the ALJ must identify what

12  symptom claims are being discounted and what evidence undermines these claims.

13  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v.*

14  *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

15  explain why he or she discounted claimant's symptom claims).  "The clear and

16  convincing [evidence] standard is the most demanding required in Social Security

17  cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

18  *Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

19    Factors to be considered in evaluating the intensity, persistence, and limiting

20  effects of a claimant's symptoms include: (1) daily activities; (2) the location,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 13

duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7-*8; 20 C.F.R. § 404.1529(c). The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 34.

First the ALJ observed that Plaintiff testified to being very limited by pain and other symptoms yet did not obtain treatment from August 2016 until January 2018. Tr. 34. Next, Plaintiff obtained shoulder surgery in April 2018 and reported in May 2018 that his pain was resolving and his shoulder motion was "much improved" although not normal. Tr. 35.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

1        Next, the ALJ noted that it was "an interesting coincidence, the claimant was

2    also involved in a worker's compensation lawsuit, with an examination related to

3    this in January 2019, where the examiner noted a history of left shoulder and lower

4    back problems, but "no medical evidence or data to support progression of

5    disability." *Id*.  Subsequent examinations demonstrated no significant

6    abnormalities or neurological compromise of the bilateral shoulders or lumbar

7    spine and despite Plaintiff's complaint of constant pain and numbness in his hands,

8    examination in 2020 have shown good range of motion of the elbows, wrists and

9    hands. *Id*.

10        The ALJ recounted numerous other examinations that "document no

11    significant abnormality that would result in a more restrictive residual functional

12    capacity than outlined above; i.e., normal full range of motion of all joints, no focal

13    neurologic deficits, normal sensation, normal reflexes, normal attention span and

14    concentration. . ." Tr. 36.

15        The ALJ also recounted Plaintiff's "reasonably high-functioning activities of

16    daily living during the period relevant to this adjudication are also not supportive

17    of his allegation of total disability under the Social Security Act. For example, he

18    has reported doing outdoor chores and activities, cooking, cleaning, shopping, and

19    driving; putting away logs in the woodshed although he complained of dropping

20    the logs due to his hand symptoms; able to perform all self-care, do cooking and

1    light housekeeping; taking care of the house by himself after his wife left for a job;

2    despite pacing himself, prepares meals, does lawn care, sweeps, does dishes, dusts,

3    general cleaning and repair, drives, shops, handles his own finances, reads, walks,

4    plays chess, goes hunting and fishing, walks his dog, does gaming online, rarely

5    spends time with others in person; plays chess and goes to BBQs, does some

6    cleaning at his own pace, sweeps a little bit, does some laundry, puts dishes in the

7    dishwasher but not pots and pans, paints or makes music to distract himself from

8    the pain, and described himself as a "computer guy" as opposed to being athletic.

9    Tr. 37 (internal citations omitted).

10        The ALJ concluded that "claimant's allegations of debilitating limitations

11    (e.g., constant pain, unable to use arms or hands, needs help with personal hygiene)

12    are inconsistent with the claimant's admitted activities and the objective medical

13    records. Notably, most exams show very little, if any, objective evidence of

14    abnormality. Most of the abnormal findings are subjective (e.g., subjectively

15    decreased sensation, subjective reports of painful range of motion, weakness due to

16    subjective pain, etc., and the imaging does not show evidence to support his

17    subjective complaints. Ultimately, although I accept the claimant's allegations that

18    his symptoms limit his functional capacity to a mild-to moderate degree, his

19    allegations are not consistent with the record as a whole to the extent that his

20    capacity is so limited that he is unable to engage in substantial gainful activity

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 16

consistent with the residual functional capacity outlined herein." Tr. 37

An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2).

The ALJ found that Plaintiff's symptom allegations were inconsistent with his daily activities. The ALJ may consider a claimant's activities that undermine reported symptoms. *Rollins*, 261 F.3d at 857. If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms. *Fair*, 885 F.2d at 603; *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a

totally debilitating impairment." *Molina*, 674 F.3d at 1112-13.

The Ninth Circuit has cautioned against reliance on "certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise" to discount a plaintiff's symptom allegations. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

Here, the ALJ lumped Plaintiff's daily activities all together and found Plaintiff could perform these activities without analyzing each statement and observing that Plaintiff (and his wife) qualified each of his activities to such an extent that they became meaningless. Plaintiff never claimed to have spent a substantial part of his day performing these activities. Moreover, the ALJ did not evaluate the pain Plaintiff complained of nor spent any time discussing its cause, such as Lyme Disease or other causes. Plaintiff's expressed limitations on his activities completely discounted the heavy reliance the ALJ placed on them.

Accordingly, substantial evidence does not support the ALJ's rejection of Plaintiff's impairments and pain. This issue must be remanded for a full analysis.

**D. Statements of Plaintiff's Wife**

Plaintiff contends the ALJ did not properly consider the Plaintiff's wife's letter describing her observations. ECF No. 9 at 18-20.

The ALJ found these lay witness statements unpersuasive for the same reasons he found the claimant's subjective complaints to be not fully consistent

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 18

with the objective medical evidence.  Tr. 39.  For the reasons stated above, this issue must be reevaluated upon remand.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is not supported by substantial evidence nor free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 9) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (ECF No. 10) is **DENIED**.

3. This case is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings in accordance with this Order.

4. Upon proper presentation, this Court will consider Plaintiff's application for costs, expenses, and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(a),(d).

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **close the file**.

DATED December 27, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 19